IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:16-CR-248 (GTS) |
| | ) | |
| **v.** | ) | Government's Sentencing Memorandum |
| | ) | |
| **HARRY MCCARTHY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

### I.   Introduction

On December 19, 2017, the defendant pled guilty to Count 3 of Indictment No. 5:16-CR-248 (GTS) charging him with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251. The defendant is in custody.  He is scheduled to be sentenced on April 18, 2018.

### II.   Applicable Statutory and Guidelines Provisions
####   a.  Statutory Maximum and Minimum Penalties

The maximum penalties include: 30 years imprisonment; a mandatory minimum term of 15 years imprisonment; a $250,000 fine; a lifetime term of supervised release; a $100 special assessment; registration as a sex offender; forfeiture; and restitution.  The government has not received any requests for restitution in this matter.  In addition, any non-indigent defendant is required to pay $5,000 per count of conviction under the Justice for Victims of Trafficking Act.

####   b.  Guidelines Provisions
#####     i.  Offense Level

The government adopts, without qualification, the guidelines calculations set forth in the Presentence Report ("PSR") resulting in a total offense level of 42.  PSR ¶¶ 42-54.

### ii. Criminal History Category

The government agrees with the Probation Department's finding that the defendant's criminal history category is I.  PSR ¶ 60.

### iii. Guidelines Range and Sentence

As described above, it is the government's position that the combined offense level is 42 and the criminal history category is I.  As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 360 months of imprisonment; a fine of between $50,000 and $250,000; a $100 special assessment; and a supervised release term of at least five years and up to life.  In addition to the special assessment, if the defendant non-indigent, then the Court must impose an additional penalty of $5,000 per count pursuant to the Justice for Victims of Trafficking Act.  The defendant must also register as a sex offender and forfeit the property used in the commission of the offense.

The parties have entered into a plea agreement under Rule 11(c)(1)(C) and agreed that a sentence of 180 months of imprisonment; a lifetime term of supervised release; a fine; an order of forfeiture; a $100 special assessment; an additional $5,000 special assessment; and registration as a sex offender is the appropriate disposition of this case.

### III.   Government's Sentencing Recommendation

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant as outlined in the plea agreement.  The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

The investigation of the defendant started when he uploaded an image to his email account depicting an adult male vaginally raping a prepubescent girl.  As the investigation unfolded, law

enforcement agents learned that the defendant used two email accounts to share child pornography and communicate with other like-minded people, including J.K. Emails between the defendant and J.K. included a screen shot of the defendant's computer. The screen shot showed an album of pictures of the victim in which she appears to be sleeping. The pictures include images in which the defendant moved her underwear to the side to expose her vagina while she was sleeping and close-up images of the victim's vagina.

The defendant's lengthy employment with the Ogdensburg Police Department ("OPD") makes his crimes even more reprehensible. As noted in the PSR, the defendant was employed as a police officer with the OPD for 30 years reaching the rank of lieutenant prior to his arrest in this matter. PSR ¶ 75. Not only did he abuse the victim's trust, he also abused the public's trust when he committed this crime. The recommended sentence takes into consideration the circumstances of the crime and the position of the victim and her family. The government respectfully requests that the Court accept the plea agreement.

                                                Respectfully submitted this 14th day of March, 2018,

                                                GRANT C. JAQUITH
                                                United States Attorney

By:    */s/ Katherine E. Kopita*
        Katherine E. Kopita
        Assistant United States Attorney
        Bar Roll No. 517944

**CERTIFICATE OF SERVICE**

I hereby certify on March 14, 2018, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

*/s/ MaryAnne Doody*